Nicholson, C. J.,
delivered the opinion of the Court.
This cause is brought to this Court, by writ of error, from the Chancery Court at Greeneville. The writ of error is prosecuted by only one of the defendants, Caroline Courtney. The error assigned is, that the Chancellor decreed against her claim for dower. The land in which she claims dower was purchased by her husband from complainant, but the contract of sale was by parol, and, ' therefore void by the statute of frauds. But inasmuch as complainant files his bill to enforce his lien for unpaid purchase money, and as the contract of purchase was in part executed, and as the purchaser died in possession of the lands, having paid a small *332 portion of the purchase money, and made lasting and valuable improvements on it, she insists in her answer, that she has a right to be endowed, either in the whole tract, or in the surplus after the purchase money is satisfied. But she files no cross bill for the enforcement of this right. If the case was so presented as to authorize the court to grant the relief prayed for in her answer, we are of the opinion that her husband did not die so seized and possessed of the land as to entitle her to dower. He was possessed of the land under a void parol contract, and, therefore, had no title, either legal or equitable, under which a claim to dower could arise. It is true by the Code, widows may be endowed of lands of which their husbands were equitable owners, § 2398; but the husband of complainant was no such equitable owner: First — because his contract of purchase being void by the statute of frauds, he acquired no title whatever; and second — because not having paid for the land he was not the equitable owner. 1 Cold., 554, 2 Head, 80.
The Chancellor so held, and we affirm the decree, but direct that the defendant pay only the costs of her answer in the court below, and the costs of this court, the complainant to pay the other costs.